IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE
AT CLEVELAND

| | |
|---|---|
| VIRGINIA LAMBERT,<br>PLAINTIFF,<br><br>vs.<br><br>WAL-MART REAL ESTATE BUSINESS<br>TRUST, d/b/a WAL-MART SUPERCENTER<br>STORE # 698<br>DEFENDANT. | Docket No. V-21-130<br><br>JURY DEMAND (12) |

## COMPLAINT

**COMES NOW** the Plaintiff Virginia Lambert, by and through counsel, and hereby brings this cause of action against the Defendant, Wal-Mart Real Estate Business Trust dba Walmart Supercenter Store #698 (hereinafter, "Wal-Mart"), and would respectfully state unto this Honorable Court as follows:

1. The Plaintiff, Virginia Lambert, is an adult resident citizen of Cleveland, Bradley County, Tennessee and resides at 1167 Valley Head Road NW, Cleveland, TN 37312.

2. The Defendant Wal-Mart is a foreign for-profit corporation located in Bentonville, Arkansas and at all times relevant herein was authorized to do and was doing business in the State of Tennessee. Its principal place of business is believed to be 708 SW 8th Street, Bentonville, AR 72712. Its agent for process is CT Corporation System whose address is 300 Montvue Road, Knoxville, TN 37919. Wal-Mart is subject to the jurisdiction of this court because one or more of its employees or agents committed a tortious act within this state.

3. All the wrongs complained of herein occurred within this jurisdiction and within one (1) year preceding the filing of this Complaint.

## FACTS

4. On or about March 30, 2020, the Plaintiff Ms. Lambert arrived at a Wal-Mart shopping center owned and operated by the Defendant.

5. The purpose of Ms. Lambert's presence at Wal-Mart was to shop for groceries and other household goods.

6. While present at Wal-Mart, Ms. Lambert was standing in an aisle when an employee of Wal-Mart operating a scissor lift drove the scissor lift into Ms. Lambert knocking Ms. Lambert down to the ground causing Ms. Lambert to receive significant injuries.

## NEGLIGENCE OF WAL-MART EMPLOYEE

7. The operator of the scissor lift was an employee, agent, and/or servant of the defendant Wal-Mart at the time of this accident and driving the scissor lift was done in the course and scope of his/her employment with Wal-Mart.

8. The driver of the scissor lift had a duty to exercise ordinary and reasonable care in the operation of the scissor lift, under the circumstances then and there existing, as aforestated, and to comply with and follow the laws and ordinances of the state and municipalities applying to the operators of scissor lifts, at the location of the accident, giving rise to this cause of action.

9. Properly trained safe scissor lift operators do not hit people with their scissor lifts.

10. Properly trained safe scissor lift operators do not cause people to fall to the ground.

11. Properly trained safe scissor lift operators do not drive or operate a scissor lift while distracted.

12. The Defendant Wal-Mart had a duty to train the operator of the scissor lift to safely drive the scissor lift before allowing him/her to operate it.

13. There was no act of the Plaintiff which contributed to this accident.

14. There was no failure to act of the Plaintiff which contributed to this accident.

15. The acts, and failure to act, of the Defendant and/or its employee caused this accident.

16. Ms. Lambert was severely injured as a result of this accident.

17. The acts and omissions committed by the defendant and/or its agent, employee and/or servant were, each and cumulatively, a proximate cause of the Plaintiff's injuries and damages.

18. Specifically, the scissor lift driven by the Wal-Mart employee was driven within the course and scope of his/her employment with the business of the Defendant Wal-Mart.

19. Plaintiffs would show, before a full investigation has been made, that at the time of the wreck, the Wal-Mart employee was grossly and generally negligent under the circumstances then and there existing, in that he/she failed to exercise due care by:

    a. Driving the scissor lift carelessly;

    b. Failing to keep his/her scissor lift under control;

    c. Failing to keep a proper lookout;

    d. Failing to timely apply his/her brakes, alter direction of travel, or take any other appropriate action when he/she, by exercise of due and

reasonable care, should have seen the Plaintiff standing in the isle in front of him/her;

e. Failing to operate his/her scissor lift in a safe and prudent manner in view of the conditions which existed at the time of the accident;

f. Failing to keep a safe and reasonable distance between his/her scissor lift and the Plaintiff;

g. Operating the scissor lift at an excessive speed;

h. Distracted driving and operation of the scissor lift; AND

i. Such other actions or inactions that may be shown at the trial of this cause.

20. The operator of the scissor lift, as an employee and/or servant and/or agent of Wal-Mart proximately caused the accident described above and the Plaintiff's resulting damages and injuries.

21. At all times relevant hereto, Defendant Wal-Mart was acting by and through the employee operating the scissor lift and Wal-Mart is therefore responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or a similar theory of law.

### NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTANENCE BY DEFENDANT WAL-MART

22. All preceding statements of the Complaint are incorporated herein and realleged as if expressly set forth verbatim.

23. Regardless of the relationship, Wal-Mart was the owner of the scissor lift involved in this accident and is therefore responsible for the acts of the operator of the scissor lift.

4

24. Wal-Mart was required to teach and train its employees operating scissor lifts to understand and obey safety requirements for operating a scissor lift.

25. In order to put the matter at issue, the Plaintiff alleges that Wal-Mart was negligent, and grossly negligent, as set forth in this Complaint.

26. That Wal-Mart was negligent, and grossly negligent, in:

    a. Hiring and employing the operator of the scissor lift at issue;

    b. Failing to supervise the operator of the scissor lift while he/she was driving the scissor lift;

    c. Failing to train the operator of the scissor lift to properly drive the scissor lift;

    d. Entrusting the operator of the scissor lift with the scissor lift;

    e. Retaining the operator of the scissor lift to operate the scissor lift; AND

    f. Failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a scissor lift in a crowded Wal-Mart store.

27. Defendant Wal-Mart had a duty to promulgate and enforce rules and regulations to ensure its employees, equipment, and specifically employees operating scissor lifts were reasonably safe, and negligently failed to do so.

28. Defendant Wal-Mart, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks included, but were not limited to:

a. The risks associated with unsafe scissor lift operators;

b. The risks associated with failing to train scissor lift operators how to operate the scissor lift in an appropriate and safe manner;

c. The risks associated with failing to have adequate risk management policies and procedures in place;

d. Failing to have policies and procedures in place to identify undertrained and unqualified scissor lift drivers;

e. Failing to identify from prior accidents, similar to the one in question, a root cause and implement policies, procedures, protocols and practices to effectively reduce or eliminate the risk prior to the accident in question;

f. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;

g. Failing to appropriately implement and enforce risk management policies and procedures to reduce the risks described above;

h. Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess the scissor lift operator once he/she was hired;

i. Failing to implement and follow a written safety plan;

j. Failing to protect the members of the public, such as the Plaintiff, from the risks described above; AND

k. Failing to use the composite knowledge reasonably available to Wal-Mart to analyze the data available to it to identify the risk, take steps to

reduce or eliminate the risk, and to protect members of the public from that risk.

29. At all times relevant hereto, Defendant Wal-Mart was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or another similar theory of law.

30. Defendant Wal-Mart's negligence, by and through its employee, was a proximate cause of the injuries sustained by the Plaintiff.

## DAMAGES

31. All preceding statements and allegations of the Complaint are incorporated herein and realleged as if expressly set forth herein.

32. As set forth more fully above, the Defendant by and through its agent, employee and/or servant acted in a willful, wanton, and reckless manner which either alone, or combined and concurring with the actions of Wal-Mart's acts of negligence, directly and proximately caused the accident and the Plaintiff's injuries.

33. As the sole, direct and proximate result of the Defendant's negligence, the Plaintiff Virginia Ann Lambert has been injured and her damages include, but are not limited to, the following particulars, to wit:

    a. Physical pain and suffering associated with injuries she received in the accident which are of a past, present and future nature;

    b. Mental pain and suffering associated with the injuries she received in the accident which of a past, present and future nature;

    c. Loss of enjoyment of life; AND

    d. Cost of medical treatment, which is of a past, present and future nature.

## PUNITIVE DAMAGES

34. The actions of the Defendant Wal-Mart, as aforestated, were performed recklessly and with indifference toward the welfare of the Plaintiff, Virginia Ann Lambert, and the citizens of the State of Tennessee. In addition thereto, these actions constitute willful and wanton behavior constituting gross negligence, and the Plaintiff therefore demands exemplary damages against the Defendant.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Virginia Ann Lambert sues the Defendant, Wal-Mart Real Estate Business Trust d/b/a Wal-Mart Super Center, Store #698 and demands judgment against it in the amount of one-million-two-hundred-and-fifty-thousand-dollars ($1,250,000.00) and such further relief, both specific and general, to which she may be entitled, under the premises.

**A JURY OF 12 PERSONS IS RESPECTFULLY DEMANDED.**

RESPECTFULLY SUBMITTED:

DAVID R. GRIMMETT (BPR # 024454)
3326 Aspen Grove Drive
Suite 310, Lincoln Square
Franklin, TN 37067
Phone: (615) 256-4468
Fax: (615) 296-4488
E-Mail Address: dgrimmett@grimmettlawfirm.com
*Attorney for: Plaintiff Viginia Lambert*